**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CHARLES ZACHARIE, | No. 08-17213 |
| Plaintiff - Appellant, | D.C. No. 2:07-CV-01749-FCD-EFB |
| v. | |
| M. CHIRILA; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted December 15, 2009 [**]

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Charles Zacharie, a California state prisoner, appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging constitutional violations

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

PdM/Research

in connection with a disciplinary hearing and the deprivation of his personal materials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam), and its dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We review for clear error the district court's factual determinations. *Id*. We affirm.

The district court properly granted summary judgment to defendant Chirila on the due process claim because the undisputed evidence shows that, given the process afforded in its totality, Zacharie was granted a rehearing that resulted in the same guilty finding and same term in the Security Housing Unit as the allegedly procedurally defective hearing, and he does not contend that he was denied due process at the rehearing. *See Zinermon v. Burch*, 494 U.S. 113, 126 (1990) (holding that a constitutional violation is not complete "unless and until the State fails to provide due process" within the established administrative or statutory scheme).

The district court properly dismissed the claims against defendant Gonzales for failure to exhaust because Zacharie's failure to submit an inmate grievance within the fifteen-working-day deadline did not constitute proper exhaustion. *See Woodford v. Ngo*, 548 U.S. 81, 83-84, 95 (2006) (holding that "proper exhaustion"

under 42 U.S.C. § 1997 is mandatory and cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance"); *see also* Cal. Code Regs. tit. 15, § 3084.6(c) (providing that an inmate must submit an administrative appeal within fifteen working days of the event being grieved or the decision being appealed). We construe the dismissal of the claim to be without prejudice. *See Wyatt*, 315 F.3d at 1120 (explaining that if the court concludes that a prisoner has failed to exhaust, the proper remedy is dismissal without prejudice).

Zacharie's remaining contentions are unpersuasive.

**AFFIRMED.**